UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

KEVIN GRIFFIN,

                  **COMPLAINT**

              Plaintiff,

       -against-                    Jury Trial Demanded

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

              Defendants,

-----------------------------------------------------------------------------X

RECEIVED
Docket No.:
MAY 0 1 2008
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff KEVIN GRIFFIN, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

    2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      At all relevant times herein plaintiff KEVIN GRIFFIN was a resident of Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said

2

defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.    On February 7, 2007, at approximately 11:30 p.m., plaintiff KEVIN GRIFFIN was being placed under arrest by the defendant NYPD officers, and was in handcuffs.

14.    At the aforesaid time and place, the defendants, members of the New York City Police Department, unjustifiably struck the plaintiff with a hard object about his right leg, thereby subjecting the plaintiff to excessive force and causing plaintiff to sustain physical injuries. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein, and deliberately failed to render necessary immediate medical assistance to plaintiff, who was obviously injured.

15.    As a result of the above, plaintiff sought medical treatment.

16.    As a result of the foregoing, plaintiff KEVIN GRIFFIN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19.    All of the aforementioned acts deprived plaintiff KEVIN GRIFFIN of the rights,

3

privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

23.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff KEVIN GRIFFIN'S constitutional rights.

25.    As a result of the aforementioned conduct of defendants, plaintiff KEVIN GRIFFIN was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

4

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     Defendants had an affirmative duty to intervene on behalf of plaintiff KEVIN GRIFFIN, whose constitutional rights were being violated in their presence by other officers.

28.     The defendants failed to intervene to prevent the unlawful conduct described herein.

29.     As a result of the foregoing, plaintiff KEVIN GRIFFIN was put in fear of his safety and subjected to unjustified physical abuse.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

34.     As a result of the foregoing, plaintiff KEVIN GRIFFIN was deprived of his

liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

35.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KEVIN GRIFFIN'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

38.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KEVIN GRIFFIN.

39.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KEVIN GRIFFIN as alleged herein.

40.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KEVIN GRIFFIN as alleged herein.

41.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff KEVIN GRIFFIN was unlawfully beaten, and subjected to physical abuse.

42.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KEVIN GRIFFIN'S constitutional rights.

43.    All of the foregoing acts by defendants deprived plaintiff KEVIN GRIFFIN of federally protected rights, including, but not limited to, the right:

      A.    To be free from excessive force;

      B.    To be free from the failure to intervene; and

      C.    To receive equal protection under law.

44.    As a result of the foregoing, plaintiff KEVIN GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

45.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

45.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

7

46.   The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

47.   The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

48.   Plaintiff has complied with all conditions precedent to maintaining the instant action.

49.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

50.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.   As a result of the foregoing, plaintiff KEVIN GRIFFIN was placed in apprehension of imminent harmful and offensive bodily contact.

52.   As a result of defendant's conduct, plaintiff KEVIN GRIFFIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

53.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.   Defendants made offensive contact with plaintiff without privilege or consent.

55.   As a result of defendant's conduct, plaintiff KEVIN GRIFFIN has suffered

physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff KEVIN GRIFFIN.

58.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff KEVIN GRIFFIN.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Plaintiff's injuries herein were caused by the carelessness, recklessness and

negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

63.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

65.    As a result of the foregoing, plaintiff KEVIN GRIFFIN is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE,** plaintiff KEVIN GRIFFIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
         April 21, 2008

                                    LEVENTHAL & KLEIN, LLP
                                    45 Main St., Suite 230
                                    Brooklyn, New York 11201
                                    (718) 722-4100

                                    By: _____
                                         BRETT H. KLEIN

                                    Attorneys for Plaintiff KEVIN GRIFFIN

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

KEVIN GRIFFIN,

                                    Plaintiff,

            -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through
10, individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                    Defendants.

-------------------------------------------------------------------------X


**COMPLAINT**


LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff KEVIN GRIFFIN
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100