UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KEVIN GRIFFIN,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, and JOHN AND JANE DOE
1 through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                            Defendants.

**ANSWER OF DEFENDANT CITY**

08 Civ. 4191 (SHS)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

        Defendant City of New York by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5.    Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to demand a trial by jury as stated therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation.

8. Denies the allegations set forth in paragraph "8" of the complaint, except respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. States that the allegations set forth in paragraph "10" of the complaint constitute legal conclusions to which no response is required.

11. States that the allegations set forth in paragraph "11" of the complaint constitute legal conclusions to which no response is required.

12. States that the allegations set forth in paragraph "12" of the complaint constitute legal conclusions to which no response is required.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

18. States that the allegations set forth in paragraph "18" of the complaint constitute legal conclusions to which no response is required.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. States that the allegations set forth in paragraph "20" of the complaint constitute legal conclusions to which no response is required.

21. States that the allegations set forth in paragraph "21" of the complaint constitute legal conclusions to which no response is required.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" and "43 A-C" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

45.[1] Denies the allegations set forth in the second paragraph "45" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about March 14, 2007.

46. Denies the allegations set forth in paragraph "46" of the complaint, except admit that this matter has not settled.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. States that the allegations set forth in paragraph "48" are not averments of facts requiring a response.

49. States that the allegations set forth in paragraph "49" are not averments of facts requiring a response.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

5

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

64. States that the allegations set forth in paragraph "64" of the complaint constitute legal conclusions to which no response is required.

65. Denies the allegations set forth in paragraph "65" of the complaint, except admit that plaintiff purports to seek damages as stated therein.

---

[1] Plaintiff's Complaint contains two paragraphs numbered "45." The paragraphs of defendant

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

66. The complaint fails to states a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

67. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

68. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

69. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

70. Plaintiff has failed to comply with New York General Municipal Law § 50.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

71. There was probable cause for plaintiff's arrest.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

72. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

73. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendant City requests judgment dismissing the complaint in its entirety,

---

City's Answer correspond with plaintiff's paragraph numbers.

together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 25, 2008

                           MICHAEL A. CARDOZO
                           Corporation Counsel of the
                             City of New York
                           Attorney for Defendant City of New York
                           100 Church Street, Room 3-218
                           New York, New York 10007
                           (212) 788-0775

                       By:          /s/
                           Elizabeth M. Daitz (ED1324)
                           Assistant Corporation Counsel
                           Special Federal Litigation Division

TO:    Leventhal & Klein, LLP (via ECF)
         45 Main Street, Suite 230
         Brooklyn, NY 11201

08 Civ. 4191 (SHS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN GRIFFIN,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, and JOHN AND JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

**ANSWER OF DEFENDANT CITY**

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendant City of New York
100 Church Street Rm. 3-218
New York, N.Y. 10007

Of Counsel: ELIZABETH M. DAITZ
Tel: (212) 788-0775
NYCLIS No.

Due and timely service is hereby admitted.
New York, N.Y.